Ralph SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 87-154.

District of Columbia Court of Appeals.

Submitted Feb. 15, 1989.
Decided March 7, 1989.

Thomas G. Ross, appointed by the court, for appellant.

Thomas J. Tourish, Jr., Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and June M. Jefferies and Michael W. Farrell, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, STEADMAN, Associate Judge, and KERN, Senior Judge.

PER CURIAM.

Appellant contends that the trial judge erred in imposing a mandatory minimum five-year sentence upon his conviction of voluntary manslaughter while armed D.C. Code §§ 22–2405, –3202 (1981, 1988 Supp.).

As the result of an argument with his roommate on New Year's Day 1986, appellant was charged with second degree murder while armed. D.C.Code §§ 22–2403, –3202 (1981, 1988 Supp.). The government's evidence showed that appellant had

shot his roommate and possibly fractured his cricoid cartilage located in his neck area. Appellant interposed a defense of self-defense, and the trial judge instructed the jury on second-degree murder while armed and voluntary manslaughter while armed. The jury found appellant guilty of the latter charge. At trial the Medical Examiner testified that death was caused either by the gun shot or by strangulation.

On appeal appellant contends that the trial judge erred in imposing a sentence with a mandatory minimum of five years' imprisonment since the statute did not require it and, alternatively, that in view of the doctor's testimony, the jury may not have been unanimous in finding that the victim had died as a result of the gunshot. We affirm.

## I.

D.C.Code §§ 22–3202(a)(1) & (c) (1988 Supp.) provide in pertinent part:

(a) Any person who commits a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm (or imitation thereof) or other dangerous or deadly weapon ...

(1) May, if he is convicted for the 1st [*sic*] time of having so committed a crime of violence in the District of Columbia, be sentenced, in addition to the penalty provided for such crime, to a period of imprisonment which may be up to life imprisonment and shall, if convicted of such offenses while armed with any pistol or firearm, be imprisoned for a mandatory-minimum term of not less than 5 years....

\* \* \* \* \* \*

(c) Any person sentenced pursuant to paragraph (1) or (2) of subsection (a) above for a conviction of a crime of violence *while armed with any pistol or firearm* shall serve a mandatory-minimum term of 5 years, if sentenced pursuant to paragraph (1) of subsection (a) of this section ... and such person shall not be released on parole, granted probation, or granted suspension of sentence, prior to serving such mandatory-minimum sentence.

(Emphasis added.)

Prior to 1983, § 22–3202 authorized the imposition of a sentence up to life imprisonment where a defendant was convicted for the first time of certain crimes while armed. D.C.Code § 22–3202(a)(1) (1981). The statute did not require imposition of a mandatory minimum sentence for first time offenders but did require, in § 22–3202(a)(2), a mandatory minimum for second time offenders armed with or having readily available any dangerous weapon. Section 22–3202(d)(2) proscribed suspension of execution of the minimum and the granting of probation. In 1983 the statute was amended by voter initiative to provide harsher mandatory minimum sentences for both first and second time offenders convicted of crimes of violence "while armed with any pistol or firearm." D.C.Code § 22–3202(a)(1) (1988 Supp.).

In addition, the 1983 amendments changed subsection (c) to reflect the mandatory nature of the minimum penalties provided for persons convicted of crimes of violence for the first or second time "while armed with any pistol or firearm." Thus the plain language of the statute strips the sentencing judge of any discretion to sentence a person, such as appellant, to anything less than the mandatory-minimum five-year term of incarceration. *See Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C.1983) (statutory construction when language is clear). Furthermore, this reading comports with the purpose of the amendments, which was to deter the increasing use of firearms in the commission of crime in the District. *See Abrams v. United States,* 531 A.2d 964, 969 (D.C.1987) (citing *Battle v. United States,* 515 A.2d 1120, 1127–28 (D.C.1986)).

The 1983 amendments left in place the provision that execution of a term of imprisonment under paragraph (2) of subsection (a) could not be suspended nor probation granted. D.C.Code § 22–3202(e)(2) (1988 Supp.) (formerly subsection (d)(2)). Appellant maintains that in view of the retention of this provision, new subsection

(c) is superfluous. He argues that the legislature must have intended, by retaining and recodifying (d)(2), that only mandatory sentences imposed on second offenders under (a)(2) may not be suspended. The plain language of the statute makes clear that this contention is spurious. The language of subsection (c) is unequivocal in referring to first and second time offenders. Because subsection (a)(2) continues to require imposition of the mandatory minimum for persons convicted a second time of a crime of violence while armed or having readily available any dangerous weapon (other than a pistol or firearm), the legislature had to retain (and recodify) subsection (d)(2) in order to make clear that for this category of second time offenders as well, the execution or imposition of the five-year minimum term of imprisonment under subsection (a)(2) could not be suspended nor probation granted. Accordingly, subsection (e)(2), like subsection (c), is not superfluous but necessary to § 22-3202. *See Abrams, supra,* 531 A.2d at 973 n. 12.

## II.

■ Appellant also contends that his conviction should be reversed because the verdict was not unanimous. He argues that the jury could have convicted him either because it found that he had shot the victim or that he had strangled the victim. In view of the jury's verdict on manslaughter *while armed,* and appellant's concession that he shot the victim, there is no possibility that some members of the jury would have found that appellant had strangled the victim without also agreeing that he had shot the victim. *See Scarborough v. United States,* 522 A.2d 869, 871 (D.C. 1987) (en banc). The jury rejected his claim of self-defense and found, on the basis of uncontradicted evidence, that he had shot the victim. The evidence regarding strangulation was, therefore, mere surplusage, and harmless. The evidence conformed to the indictment charging appellant with second degree murder while armed on the ground that appellant killed the victim by shooting him with a gun, thereby causing injuries from which he died. *Cf. Scutch-*

*ings v. United States,* 509 A.2d 634 (D.C. 1986).

Accordingly, the judgment is affirmed.